**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ALLEN MILLER,**

       **Plaintiff,**

-vs-                Case No. 6:05-cv-1455-Orl-28KRS

**PINNACLE CREDIT SERVICES LLC,**
**EQUIFAX INFORMATION SERVICES,**
**INC., EXPERIAN INFORMATION**
**SOLUTIONS, INC., TRANS UNION LLC,**
**CREDIT DATA SERVICES, INC.,**

_____

**ORDER**

This cause came on for consideration without oral argument on the following motions filed herein:

> **MOTION:** **PLAINTIFF'S MOTION FOR SANCTIONS AGAINST PINNACLE CREDIT SERVICES, LLC FOR THE FAILURE TO COMPLY WITH THE ORDER OF THIS COURT AND LOCAL RULES RELATING TO THE PRESENCE OF A CORPORATE REPRESENTATIVE AT MEDIATION (Doc. No. 65)**
>
> **FILED:** December 11, 2006
>
> **THEREON** it is **ORDERED** that the motion is **DENIED.**

> **MOTION:** **PLAINTIFF'S MOTION FOR SANCTIONS AGAINST PINNACLE CREDIT SERVICES, LLC FOR GROSS MISREPRESENTATIONS MADE IN THE RESPONSE TO PLAINTIFF'S FIRST MOTION FOR SANCTIONS AGAINST PINNACLE AND FOR VIOLATIONS OF THE LAW RELATING TO MEDIATION CONFIDENTIALITY (Doc. No. 78)**
>
> **FILED:** December 27, 2006
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED.**

Plaintiff Allen Miller requests sanctions against Defendant Pinnacle Credit Services LLC (Pinnacle) for its failure to produce a corporate representative for a mediation conducted on December 4, 2006. He also requests an evidentiary hearing.

Pinnacle responded to the initial motion for sanctions, indicating, among other things, that its counsel believed that the mediation would be continued. When Pinnacle's counsel learned that the mediation would not be continued, a corporate representative of Pinnacle was not available to travel from his home office in Minnesota to Florida to attend the mediation in person. The mediator agreed to permit Pinnacle's corporate representative to attend the mediation by telephone, and Robert Sola, Esq., one of Miller's attorneys, did not object to the corporate representative appearing by telephone. Doc. Nos. 76.

According to the Mediation Disposition Report, the mediation was conducted but an impasse was declared. The report does not reflect that the mediator had any concern about Pinnacle's representative appearing by telephone or the representative's settlement authority. Doc. No. 59.

Local Rule 9.05(c) provides that "[u]nless otherwise excused by the presiding judge in writing, all parties, corporate representatives, and any other required claims professionals . . . shall be present

-2-

at the Mediation Conference with full authority to negotiate a settlement." Similarly, the Case Management and Scheduling Order in this case provides that "[e]ach attorney acting as lead trial counsel, and each party (and in the case of a corporate party, a corporate representative) with full authority to settle, ***shall*** attend and participate in the mediation conference. . . . The Court will impose sanctions upon lead counsel and parties who do not attend and participate in good faith in the mediation conference." Doc. No. 36 at 10-11 (emphasis original).

Accordingly, a corporate representative for Pinnacle should have personally appeared and participated in the mediation. If a corporate representative of Pinnacle was unable to attend in person, Pinnacle should have filed a motion requesting that the requirement of personal appearance be excused. The parties cannot waive a requirements of a Court order or the Local Rules by agreement.

Nevertheless, the record adequately sets forth the circumstances leading to Pinnacle's representative appearing at the mediation by telephone, without objection by the mediator or by Miller's attorneys, and the mediation was conducted. Under these circumstances, an award of sanctions is not just. *See* Fed. R. Civ. P. 16(f).

To alleviate concerns about revealing matters that occurred during the mediation, it is **ORDERED** that the Affidavit of Steven H. Silton, doc. no. 75, which is unsigned, and Defendant Pinnacle Credit Services, LLC's Memorandum of Law in Opposition to Plaintiff's Motion for Sanctions, doc. no. 74 are **STRICKEN.** The Clerk of Court is directed to delete these documents from the record. The Affidavit of Andrew T. Jackola, Doc. No. 76, sets forth sufficient facts about

the circumstances leading to Pinnacle's corporate representative appearing at the mediation by telephone to complete the record with respect to Pinnacle's position on the motions.

**DONE** and **ORDERED** in Orlando, Florida on January 5, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties